# SOLOMON M. FELDMAN

**COUNSELLOR AT LAW**
**199 WELLS AVENUE**
**SUITE 201**
**NEWTON, MA 02459**

E-MAIL:SOL@SOLOMONFELDMAN.COM

April 12, 2010

TELEPHONE (617) 796-7711

TELFAX. (617) 965-1131

<u>RETURN RECEIPT REQUESTED</u>
<u>CERTIFIED MAIL</u>

Mr. Steven G. Brady
President/CEO
Minnesota Lawyers Mutual Insurance Company
333 South Seventh Street
Suite 2200
Minneapolis, MN 55402

## <u>CHAPTER 93A/176D DEMAND LETTER</u>

RE:   Ingalls v. Goldstein

Dear Sir or Madam:

I, along with my co-counsel, Attorney Ellen Rappaport Tanowitz, represent Lynne Ingalls ("Ingalls") in a claim against your insured Attorney Michael Goldstein ("Goldstein"). This letter is a demand under M.G.L. Chapter 176D, section 3(9)(f) and M.G.L. Chapter 93A.

In or about January 2008, Ingalls first met Goldstein who held himself out as a bankruptcy practitioner. During the initial meeting, Goldstein provided Ingalls with a "homework" sheet requesting financial information from Ingalls and certain documents from her, including a copy of her recorded Declaration of Homestead. For your convenient reference, I am attaching a true and accurate copy of the "homework" as Exhibit A. During that same meeting, Ingalls specifically told Goldstein that she would not file bankruptcy if there was any chance that her interest in her home might be jeopardized.

The parties dispute what Ingalls told Goldstein about whether a Declaration of Homestead on her home had been recorded as of that time. Ingalls says she did not tell Goldstein she had recorded a Homestead Declaration and testified at deposition that she did not understand that such had to be recorded separately from a deed. Goldstein asserts that Ingalls told him that she did have a Declaration of Homestead recorded.

In fact, no Declaration of Homestead had been recorded. Goldstein did not perform a reasonable investigation regarding this issue and Ingalls' petition was filed without the benefit of a Declaration of Homestead on record. As a result, instead of having a no asset bankruptcy, Ingalls's substantial equity in her home was not protected. Ingalls has now lost her equity and is at risk of being deprived of a roof over her head.

SOLOMON M. FELDMAN

Mr. Steven Brady                              Page 2                              April 12, 2010

Ingalls filed suit against Goldstein for legal malpractice and as I understand, you are his malpractice insurance carrier and paying for Goldstein's defense in this matter. Discovery ensued and Goldstein's deposition was conducted over the course of two days. A review of Goldstein's testimony and the documents that were provided against the backdrop of several federal statutes, a recent United States Supreme Court decision, other case law and the Federal Bankruptcy Rules, substantiates that Goldstein's liability is reasonably clear. Yet, **no settlement offer has been made**. The failure to effectuate a prompt, fair and equitable settlement of a claim in which liability has become reasonably clear is an unfair settlement practice in violation of Chapter 176D. Your conduct is in clear violation of the requirements of Mass.Gen.L. ch. 176D which constitutes an unfair or deceptive practice pursuant to Chapter 93A.

Goldstein acted negligently by failing to confirm the existence of a recorded Declaration of Homestead Declaration prior to filing Ingalls' bankruptcy petition. Bankruptcy attorneys have a heightened duty to their clients and to the Bankruptcy Court. They may not simply rely on the information clients provide to them. In this case, Goldstein never reviewed the documents he received from Ingalls and he never checked the free, on-line database for the Essex Registry of Deeds to confirm that a Declaration of Homestead had been recorded, nor did he require that Ingalls gave him a copy. Further, Goldstein did not review the file prior to the Section 341 Meeting of Creditors to confirm that he had a copy of the Declaration of Homestead.

The recent United States Supreme Court case, Milavetz, Gallop & Milavetz, P.A. v. United States, No. 08-1119 (U.S. March 8, 2010), decided that attorneys are debt relief agencies under 11 U.S.C. § 526 et. seq.. Milavetz, slip op. at 6. Goldstein is liable for Lynne Ingalls' actual damages and attorney's fees because he filed documents and made statements in her bankruptcy case that he knew or should have known were untrue in violation of his obligation to exercise "reasonable care." 11 U.S.C. § 526(a)(2) and (c)(2)(a).

Goldstein also violated 11 U.S.C. § 707(b)(4)(C) and (D) by signing the petition without performing a reasonable investigation into the circumstances giving rise to the petition and without determining whether the petition was well grounded in fact. At the very least, this statute provides a standard of care for bankruptcy attorneys regarding their obligations to review client information prior to filing a bankruptcy petition. In re Daryl Withrow, 391 BR 217 (Bankr. D. Mass. 2008) discusses, in detail, a bankruptcy attorney's obligations under these two sections. First, an attorney must certify the petition. Official Form 1. The certification is a "specific assurance that the statement has not been made lightly and that it is the product of an investigation insofar as practical under the circumstances, within the attorney's control and designed to discover the truth." 391 B.R. at 227. Second, an attorney must undertake a reasonable investigation regarding the information provided to him by a debtor.

During his testimony at his deposition, Goldstein freely admits that he relied on his client.

"Q:     But at no time – a copy was obviously not provided to you of the homestead declaration?

SOLOMON M. FELDMAN

Mr. Steven Brady                    Page 3                         April 12, 2010

A:    Clearly it was not.

Q:    Okay.  And at any time – and at no time prior to filing the petition did you check on the Registry of Deeds to see if there was one?

A:    No.  Unfortunately, the mistake I made is I believed my client, and that's why we're here." Goldstein Dep. Vol. I at 79.

Certain factors are to be considered when trying to determine whether an attorney complied with Section 707(b)(4)(C).  The statute requires a "reasonable investigation".  Whether an attorney conducted a reasonable investigation is determined by an objective test. 391 B.R. at 227 citing In re D.C. Sullivan Co., Inc., 843 F.2d 596, 598-99 (1st Cir. 1988).

---

"Accordingly, it seems to this Court that the answers to at least the following questions are germane to a Rule 9011 and § 707(b)(4)(C) analysis: (1) did the attorney impress upon the debtor the critical importance of accuracy in the preparation of documents to be presented to the Court; (2) did the attorney seek from the debtor, and then review, whatever documents were within the debtor's possession, custody or control in order to verify the information provided by the debtor; (3) did the attorney employ such external verification tools as were available and not time or cost prohibitive (e.g., on-line real estate title compilations, on-line lien search, tax "scripts"); (4) was any of the information provided by the debtor and then set forth in the debtor's court filings internally inconsistent - that is, was there anything which should have obviously alerted the attorney that the information provided by the debtor could not be accurate; and (5) did the attorney act promptly to correct any information presented to the Court which turned out, notwithstanding the attorney's best efforts, to be inaccurate. These questions can be further simplified and reduced to one question, their common denominator: Did the attorney do his or her level best to get it right? More cannot, and should not, be asked of any attorney. And when an attorney appears to have provided less, an inquiry under Rule 9011 and § 707(b)(4)(C) is proper."

Id. at 228.

Even assuming arguendo that Goldstein's version of the facts are true and Ingalls did advise him that she had recorded a Declaration of Homestead, he still has liability under 11 U.S.C. § 707(b)(4)(C) and (D), 11 U.S.C. § 526 and Fed.R.Bankr.P. 9011 because he did not do any investigation to determine the accuracy of Ingalls' statements.

Two factors from the aforementioned quote stand out in this case.  The Bankruptcy Court considers is whether the attorney sought documents from the debtor and then whether the attorney reviewed the documents to verify the information.  On this point, Goldstein testified that he uses a third party (located outside the office) to generate a client's bankruptcy petition. Goldstein Dep., Vol. II at 101.  To accomplish this, he

Mr. Steven Brady                       Page 4                          April 12, 2010

scans the homework and any other documentation provided by the client to the petition preparer who then creates the petition. Goldstein Dep., Vol. II at 102. However, once Goldstein transmits the paperwork to the petition preparer, he does not look at the paperwork again.

"Q.     Did you make it a practice to go through the paperwork one last time that you had – that had been used to draft the petition to make sure everything was in order?

A.     My practice at that time was to go through the petition itself, to check for any obvious errors, to go back and check with the credit report, certainly to make sure that Schedule F was complete with respect to all listed debts. I would say that's probably the extent of the review that I did prior to sitting with the client and going through it with the client asking them to insure that there was no additional information that they hadn't provided and just to go over what was provided as true and accurate."

Goldstein Dep., Vol. II at 43.

Page two of the homework (Exhibit A) states, in part, "Secondly, I would remind you that we need the following documentation: . . . . Copies of your Declaration of Homestead Exemption". . Following that sentence is a handwritten checkmark. Neither party could recall who made that checkmark or why it had been made. However, Goldstein testified that based on that checkmark at the end of the above-quoted sentence, the petition preparer prepared Schedule C of the bankruptcy petition indicating that a homestead existed and was being declared. Goldstein Dep., Vol. II at 38. Aside from that check mark, there is no indication that Ingalls had a Declaration of Homestead recorded. Goldstein did not review the documents Ingalls provided to see that he had a copy of her Declaration of Homestead. There was a failure to confirm its existence, even though he knew that the Trustee required a copy of the Declaration of Homestead. Vol. II at 35-36, 145-46. Goldstein did not do a reasonable investigation regarding a review of the documents.

Goldstein also did not use external verification tools that were readily available and free such as the on-line database for the Essex County Registry of Deeds. See 391 B.R. at 228. He did not check the on-line Registry of Deeds database until sometime after the petition was filed and perhaps as late as after the Section 341 Meeting of Creditors. Goldstein Dep. Vol. I at 146. The Registry of Deeds database for Essex County is free of charge and simple to use. From his office, Goldstein could have and should have quickly gone to the website and run a free search by name and then by property address for Ingalls. If he had, he would have quickly discovered that no Declaration of Homestead was recorded since none was of record prior to the bankruptcy filing.

SOLOMON M. FELDMAN

Mr. Steven Brady                          Page 5                          April 12, 2010

Goldstein's error is even more egregious since he knew that a copy of the Declaration of Homestead showing its recorder information would have to be provided to the Trustee at or before the Section 341 Meeting of Creditors. Indeed, Goldstein did not send the required documents to the Trustee, his document preparation service did that for him. Goldstein Dep. Vol. I at 131-33. Goldstein testified that he would receive two emails relating to the documents sent to the trustee – one a copy of the email sent to the trustee that lists out the documents provided to the trustee and a second one directly from the petition preparer advising him what documents were sent. Goldstein Dep. Vol. I at 133. He did not review those emails to note that a Declaration of Homestead was not on the list. Further, he did not review the file prior to the Section 341 Meeting of Creditors because at the Section 341 Meeting of Creditors, he represented to the Trustee that a Declaration of Homestead had been recorded. Goldstein Dep., Vol. I at 137. During the Section 341 Meeting of Creditors, Goldstein made statements that he reasonably should have known were false, had he undertaken reasonable care.

Given these facts, Goldstein did not "do his level best to get it right". He did not perform a reasonable investigation as required by statute and the rules and as a result Ingalls has been greatly harmed.

Despite these facts, and your obligation to have reviewed same, you have failed to make a reasonable settlement offer in violation of Mass.Gen.L. ch. 176D. A violation of Mass.Gen.L. ch. 176D is an unfair or deceptive act or practice in violation of Mass.Gen.L. ch. 93A. As such, Mass.Gen.L. ch. 93A provides for reasonable attorney's fees and costs to successful plaintiffs. When the actions are intentional and willful, as they are here, the Court may award up to treble damages.

As a result of Goldstein's negligence, Ingalls has incurred considerable costs and attorneys fees. In order to regain the equity in her home, she will also be required to pay her creditors in full, plus the trustee's fees, taxes and accounting fees. **In settlement of this matter, Ingalls demands $100,000.00.**

By statute, you have thirty days to respond to this letter.

Very truly yours,

Solomon M. Feldman

cc:   Ellen Rappaport Tanowitz, Esq.
      Lynne Ingalls
      Herbert Weinberg, Esq.
      Mark DeGiacomo, Esq.

# EXHIBIT A

# SHAH PHILLIPS©

## CLIENT'S HOMEWORK ASSIGNMENT

DEBTOR:

FULL NAME: _Lynne A. Ingalls_

STREET ADDRESS: _12 Nelson Avenue_
_Georgetown, MA 01833_

MAILING ADDRESS: _12 Nelson Avenue, Georgetown MA_

HOME PHONE: _603-819-9029_
COUNTY: _____
Social Security No: _____
OTHER NAMES USED IN THE PAST SIX YEARS: _____

If you have moved within the last two years list all former addresses:
_555 Winnacunett Road - Hampton  N.H._

SPOUSE:

FULL NAME: _____

STREET ADDRESS: _____

MAILING ADDRESS: _____

HOME PHONE: _____
COUNTY: _____
Social Security No: _____
OTHER NAMES USED IN THE PAST SIX YEARS: _____

If you have moved within the last two years list all former addresses:
_____

PRIOR BANKRUPTCIES: If you have previously filed a bankruptcy petition, please list the case number, date, and the location where you filed:
_N/A_

1

© 2007 Shah Phillips, LLC

PENDING BANKRUPTCIES: If any immediate family member or business partner has a bankruptcy pending, please list the case number, name of debtor, relation to you, date and location where filed, and the bankruptcy judge:

_____

_____

## *What Homework?*

As we discussed, you will need to provide our firm with information about your assets, liabilities, income, expenses and general financial affairs. I like to describe this task as your "homework" assignment. Upon full completion of your homework assignment, you will be ready to take on your second task of Pre-Bankruptcy counseling.

Before you fully begin your task, I would like to mention a few things to keep in mind. First, to complete your property/assets section of this assignment, I have provided you with an asset inventory sheet. I would recommend that you complete this sheet first and then complete the property/assets section of this task. Secondly, I would remind you that we need the following documentation:

- ✓ Copies of both your state and federal tax form for the last two years;
- ✓ Copies of proof of income for the last eight weeks, such as: pay stubs, social security award letters or checks, unemployment checks, retirement statements, and etc.;
- ✓ Copies of six months of bank statements; ✓
- ✓ Copies of your Credit Reports; ✓
- ✓ Copies of your Declaration of Homestead Exemption; ✓
- ✓ Copies of real estate appraisals, if applicable; and ✓
- ✓ Copies of all retirement and life insurance statements. ✓

Please be sure to include these documents with the completed assignment. Thirdly, I would remind you that this is the beginning of your case. It is the first draft of what will become your Petition to be filed with the court. However, <u>do not panic</u> in completing this task. I need you to simply do your best. We will review these forms and will make the changes that may need to be made before we file you. Nevertheless, you must complete this assignment to give your case a beginning and together we will be able to find the end to one part of your life so you can begin another.

GOOD LUCK ☺ ☼

2

© 2007 Shab Phillips, LLC

TO BEGIN: You are required to disclose in your Petition all the property you own. I will remind you that this does not mean that you will face losing all of your property. There are situations that will expose your property. However, it is most likely that you will not lose any property due to exemptions that prevent anyone, including your creditors from taking these items. However, you property can only be protected if it is disclosed and we can take the appropriate steps to protect it per the law. So, please disclose all your property to the best of your ability. It will help us to help you keep all your property.

## YOUR PROPERTY/ASSETS

Real Property is land and things permanently attached to land. Included are unimproved land, vacation cabins, condominiums, duplexes, rental property, business property, mobile home park spaces, agricultural land, airplane hangars, and any other buildings permanently attached to land. It also includes property you are entitled to by a trust and all property in which you have any legal, equitable, or future interest. If you are in a community property state, your spouse's real estate is also owned by you. (All leases and time-shares should be listed on the worksheet.)

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| Single Family | | Lynne Ingalls Pamela Witkum | Home equity Loan $40,000. |
| | | | |
| | | | |
| | | | |

Personal Property is all other property not included as real property. The Bankruptcy Code provides categories of personal property in which you must disclose. To help you with completing this section, I am providing an asset inventory sheet that I recommend you complete first and then complete this task.

| Asset Inventory | | | | | |
|---|---|---|---|---|---|
| Household Items | Amount | Condition | Year Purchased | Lien | Value |
| Living Room: Sofa/Couch | 1 | fair | 2003 (used) | No | $100 |
| Love Seat | | | | | |

3

© 2007 Shah Phillips, LLC

| | Amount | Condition | Year Purchased | Lien | Value |
|---|---|---|---|---|---|
| Chair | | | | | |
| Entertainment Center | 1 | Fair | 2000 | NO | $30.00 |
| Coffee Table | 1 | Fair | 2001 | NO | 25.00 |
| Ottoman | | | | | |
| Bookcase | | | | | |
| Paintings | | | | | |
| Rug (not wall to wall) | | | | | |
| Lamp | 1 | Fair | 2000 | No | 20.00 |
| | | | | | |
| Dining Room: | | | | | |
| Table | | | | | |
| Chairs | | | | | |
| Rug (not wall to wall) | | | | | |
| Paintings | | | | | |
| Art Work | | | | | |
| Fine China | | | | | |
| Crystal | | | | | |
| Silver Service | | | | | |
| Buffet | | | | | |
| Hutch | | | | | |
| | | | | | |
| Kitchen: | | | | | |
| Table | | | | | |
| Chairs | | | | | |
| Stove | | | | | |
| Refrigerator | | | | | |
| Microwave | 1 | Good | 2003 | No | $50.00 |
| Dishwasher | | | | | |
| Entertainment Center | 1 | Fair | 2000 | NO | $70.00 |
| Silverware | 1 Set | Fair | 1980's | NO | $10.00 |
| Dishes | 1 Set | Fair | 1980's | NO | $10.00 |
| Glassware | 1 Set | Fair | | NO | $5.00 |
| Tupperware | | | | | |
| | | | | | |
| Bedroom # 1: | | | | | |
| Bed (size) | Queen | Fair | 1990 | NO | $50.— |
| Dresser | 1 | Poor | 1990 | NO | 20.00 |
| Bedside Table | 1 | Fair | 1990 | NO | 10.00 |
| Armoire | | | | | |
| Rug(not wall to wall) | | | | | |
| | | | | | |
| Bedroom # 2: | | | | | |
| Bed (size) | | | | | |
| Dresser | | | | | |
| Bedside Table | | | | | |
| Armoire | | | | | |
| Rug(not wall to wall) | | | | | |
| | | | | | |
| Bedroom # 3: | | | | | |
| Bed (size) | | | | | |
| Dresser | | | | | |
| Bedside Table | | | | | |

4

© 2007 Shah Phillips, LLC

| | Amount | Condition | Year Purchased | Lien | Value |
|---|---|---|---|---|---|
| Armoire | | | | | |
| Rug(not wall to wall) | | | | | |
| | | | | | |
| Electronics: | | | | | |
| Television | 1 | Good | 2000 | NO | $50.00 |
| VCR | | | | | |
| DVD | 1 | Good | 2000 | NO | 25.00 |
| Computer | | | | | |
| Cell Phone | 1 | Good | 2007 | NO | 50.00 |
| IPOD | | | | | |
| Laptop | 1 | Good | 2005 | Dell | 250.00 |
| Play Station | | | | | |
| Games | | | | | |
| TiVO | | | | | |
| | | | | | |
| Outdoor Equipment: | | | | | |
| Lawn Mower | | | | | |
| Lawn Tractor | | | | | |
| Garden Tools | | | | | |
| Rototiller | | | | | |
| Snowblower | | | | | |
| Chain Saw | | | | | |
| Leaf Blower | | | | | |
| Patio Furniture | 1 | Fair | 2002 | No | $40.00 |
| Grill | | | | | |
| | | | | | |
| Jewelry: | | | | | |
| Watch | 1 | Good | 2000 | NO | 20.00 |
| Wedding Band | | | | | |
| Engagement Ring | | | | | |
| Class Ring | | | | | |
| Necklace | | | | | |
| Bracelet | | | | | |
| | | | | | |
| Clothing: | | | | | |
| Winter Coat | 2 | Good | 2004 | NO | $30.00 ea |
| Boots | 1 | Good | 2007 | NO | 40.00 |
| Rain Coat | 1 | Fair | 2001 | NO | 15.00 |
| Shirts | 8 | Good | | NO | 50.00 |
| Sweaters | 5 | Good | | NO | 30.00 |
| Jeans | 4 | Good | | NO | 45.00 |
| Dress Pants | 10 | Good | | NO | 100.00 |
| Shoes | 10 | fair | | NO | 20.00 |
| Business Suit | | | | | |
| | | | | | |
| Collectibles: | | | | | |
| Antiques | | | | | |
| Stamps | | | | | |
| Coins | | | | | |
| Figurines | | | | | |
| Dolls | | | | | |
| Sports Memorabilia | | | | | |

© 2007 Shab Phillips, LLC

| | Amount | Condition | Year Purchased | Lien | Value |
|---|---|---|---|---|---|
| Books | | | | | |
| | | | | | |
| Motor Vehicles: | | | | | |
| Auto | 1 | Good | 2004 | Yes | 5,00 ? |
| Auto | | | | | |
| Motorcycle | | | | | |
| | | | | | |
| Recreational Vehicles: | | | | | |
| Boat | | | | | |
| Ski doo | | | | | |
| Snowmobile | | | | | |
| Jet Ski | | | | | |
| Trailer | | | | | |
| Canoe | | | | | |
| Kayak | | | | | |
| | | | | | |
| Pets: | 1 CAT | Good | | | |
| Bowls | 1 | Fair | 2005 | NO | 2.00 |
| Cages | | | | | |
| Carriers | | | | | |
| Toys | | | | | |
| Dog House | | | | | |
| | | | | | |
| Hobby Equipment | | | | | |
| Bicycles | | | | | |
| Baseball equipment | | | | | |
| Football equipment | | | | | |
| Hockey equipment | | | | | |
| Soccer equipment | | | | | |
| Basketball equipment | | | | | |
| Workout Equipment | 1 | Good | 2005 | Ni | 25.00 |
| Fishing Equipment | | | | | |
| Hunting Equipment | | | | | |
| Camping Equipment | | | | | |
| Ski Equipment | | | | | |
| Snowshoes | | | | | |
| Climbing Equipment | | | | | |
| Pool Table | | | | | |
| | | | | | |
| Tools: | | | | | |
| Hand Tools | | | | | |
| Screwdrivers | 2 | Fair | 2006 | NO | 10.00 |
| Drills | | | | | |
| Saws | | | | | |
| Ladders | | | | | |
| Wrenches | | | | | |
| Nails/screws/nuts/bolts | | | | | |
| Any other tools or equipment | | | | | |

© 2007 Shah Phillips, LLC

## BANKRUPCTY PERSONAL PROPERTY FORM CATERGORIES

1.    **Cash on hand:** How much money do you carry each day?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| 13-15 Dollars | | | |

2.    **Deposits of money:** What bank accounts do you have?. Checking or Savings accounts?  What bank you have them at and how much is in each account?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| Checking Acct | $350.00 | Self | |

3.    **Security deposits:** Do you have a security deposit with your landlord?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| N/F | | | |

4.    **Household goods, supplies & furnishings** (Be detailed): What you have in your house: furniture, washer, dryers, TVs, DVD players and etc.

| Description of property | How much is it worth? | Who owns it? | Any liens? |
|---|---|---|---|
| Sofa | $100.00 | | No |
| Entertainment Cntr | 30.00 | | No |
| TV | 50.00 | | No |
| DVD | 25.00 | | No |
| Washer | 50.00 | | No |
| Dryer | 50.00 | | No |
| | | | |

7

© 2007 Shah Phillips, LLC

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**5.** Books, pictures, art objects, collectibles:

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |  |
|---|---|---|---|---|
| Books | 2.00 | Self | NONE |  |
|  |  |  |  |  |
|  |  |  |  |  |

**6.** Wearing Apparel: Do you have shirts, shoes, coats, dresses, suits, pants? List all that you wear.

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |  |
|---|---|---|---|---|
| Shirts | 20.00 | Self | NONE |  |
| Shoes | 30.00 | Self | N/A |  |
| Coats | 20.00 | Self | N/A |  |
| Dresses | 15.00 | Self | N/A |  |
| Pants | 20.00 | Self | N/A |  |

**7.** Jewelry

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |  |
|---|---|---|---|---|
| Costume Jewelry | 30.00 | Self | N/A |  |
|  |  |  |  |  |

8

© 2007 Shab Phillips, LLC

8.   Firearms, sports equipment, any other hobby equipment: Such as bikes, treadmills, kid's sports goods, and etc.

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| Leg Machine | 20.00 | Self | N/A | |
| | | | | |
| | | | | |

9.   Interest in insurance policies:  Do you have term or whole life?  The difference is the following:  (1) whole insurance has a cash value (2) term insurance does not accrue a cash value.

| Description of property | How much is it worth, if you should past? | Who owns it? | Is it whole or term? If whole, what is the cash value? | |
|---|---|---|---|---|
| NONE | | | | |

10.   Annuities:  Life, variable and etc.

| Description of property and who is the provider? | How much is it worth? | Who owns it? | Is it Erisa qualified? | |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

11.   Interests in an education IRA as defined in 26 U.S.C. §530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. §529(b)(1):  Do you have a savings plan for your child's education?

| Description of property and who is the provider | How much is it worth? | Who owns it? | Is it Erisa qualified? | |
|---|---|---|---|---|
| NONE | | | | |

© 2007 Shah Phillips, LLC

| | | | | |
|---|---|---|---|---|
| | | | | |

12.   Profit Sharing Plans: Interest in IRS, ERISA, Keogh, or other pensions.

| Description of property and who is the provider | How much is it worth? | Who owns it? | Is it Erisa qualified? |
|---|---|---|---|
| | | | |

13.   Stock and interest in incorporated and unincorporated companies

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| | | | |

14.   Interest in Partnerships

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| NoNe | | | |

15.   Government and corporate bonds and other negotiable and non-negotiable instruments.

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| NoNe | | | |

16.   Accounts Receivable: Does any person or corporation owe you money that you billed for and have not yet received payment?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? |
|---|---|---|---|
| No | | | |

© 2007 Shab Phillips, LLC

17. Family Support (to which you are entitled): Do you receive child support or alimony?

| Description of property: Is it child or alimony? | How do you receive each month? | Who is it for? | Is the support by court order? | |
|---|---|---|---|---|
| NONE | | | | |

18. Other liquidated debts, owing debtor, including tax refunds.

| Description of property: List the state and federal returns | How much is it worth? | Who owns it? | From what years? | |
|---|---|---|---|---|
| NONE | | | | |

19. Equitable and future interests, life estates and rights or powers. Are you on any deed of any property? Whether for estate planning with your parents or for financial reasons?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| House Joint Tenecy | | Pamela Witkum Lynne Inghis | Home Equity Loan 115,000 | |

20. Interest in an estate of a decedent: Contingent or non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | | |
|---|---|---|---|---|---|
| NONE | | | | | |

21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims or the debtor, and rights to setoff claims.

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NONE | | | | |

© 2007 Shah Phillips, LLC

22.   Patents, copyrights and other intellectual property

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NOVE | | | | |

23.   Licenses, franchises and other general intangibles: Do you have a specialized license? Such as a contracting, legal, nurses, doctor and etc.?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NOVE | | | | |

24.   Customer Lists or other compilations containing personally identifiable information in customer lists or similar compilations provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes:

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NONE | | | | |

25.   Automobiles, Trucks, Motorcycles, Trailers or other vehicles, include make, model, mileage, condition, lien holders information, include balance.

| Description of property with mileage, make, model | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| 2001 Toyota Camry Solara | approx $4,500.00 | DCU Credit Union | Yes, 86,500.00 | |

26.   Boats, Motors and accessories.

| Description of property with model, make and hours | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NONE | | | | |

12

© 2007 Shab Phillips, LLC

27.   Aircraft and accessories

| Description of property with model, make and hours | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| None | | | | |

28.   Office Equipment

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| None | | | | |

29.   Machinery, fixtures, equipment and supplies

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| None | | | | |

30.   Inventory: if you own, a business do you have any supplies, goods to be sold or goods to be used in your business?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| None | | | | |

31.   Animals: Do you have a pet? Do you have livestock?

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| 1 CAT ~~None~~ | | Self | N/A | |

32.   Crops—growing or harvested

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| None | | | | |

© 2007 Shah Phillips, LLC

33.   Farming equipment and implements:

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NONE | | | | |

34.   Farm Supplies, chemicals and feed:

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| NONE | | | | |

35.   Other personal property of any kind not already listed:

| Description of property | How much is it worth? | Who owns it? | Any liens? If so, what is the amount? | |
|---|---|---|---|---|
| | | | | |

Other Personal Property:

Do you have any personal injury claims?

Have you been involved in a car accident within the last 7 years?   NO

Does anyone owe you any money?   NO

Did you receive an inheritance within the last 3 years or do you anticipate receiving one within the next 6 months?   NO

Have you owned any real estate within the last 4 years?   NO

## SECURED DEBTS

Secured debts are car loans, home loans, home equity loans, second mortgages, or any other loans where property is pledged as security. All other types of debt are unsecured.

Mortgage on Principal Residence:

1. What is the creditor's name?: _TD Banknorth_
2. What is your account #?: _0000 86401160599_
3. Who owes this debt?: _Self_
4. How much is owed?: _$40,000.–_
5. What is the value of your home?: _$272,500.00_
6. Are you behind in payments?: _NO_

14

© 2007 Shah Phillips, LLC

7.  If you are behind in payments, how many months?:_____
8.  What is you monthly mortgage payment? _399.00_____
9.  Does it include taxes and insurance?:_____

Automobile Loans:

1.  What is the creditor's name? _Digital Federal Credit Union_
2.  What is your account #?:_____
3.  Who owes this debt?:___Self_____
4.  How much is owed?:___APPCOX 6,000.00_____
5.  What is the make, mileage and year of your
    car?:_2001 Toyota Solara   90,000 Mileage_
6.  Are you behind in payments?:___NO_____
7.  If you are behind in payments, how many months?:_____
8.  What is you monthly car payment?_____337.00_____

Automobile #2:

1.  What is the creditor's name?:_____     _____
2.  What is your account #?:_____
3.  Who owes this debt?:_____
4.  How much is owed?:_____
5.  What is the make, mileage and year of your
    car?:_____
6.  Are you behind in payments?:_____
7.  If you are behind in payments, how many months?:_____
8.  What is you monthly car payment?_____

Other Secured Debts:

1.  What is the creditor's name?:_____
2.  What is your account #?:_____
3.  Who owes this debt?:_____
4.  How much is owed?:_____
5.  What is the secured property?:_____
6.  Are you behind in payments?:_____
7.  If you are behind in payments, how many months?:_____

Other Secured Debts:

1.  What is the creditor's name?:_____
2.  What is your account #?:_____
3.  Who owes this debt?:_____
4.  How much is owed?:_____

15
© 2007 Shah Phillips, LLC

5. What is the secured property?:_____
6. Are you behind in payments?:_____
7. If you are behind in payments, how many months?:_____

## PRIORITY DEBTS:

**Federal Taxes:**

1. Do you owe any taxes?_____ *NO*_____
2. How much?_____
3. What years?_____

**State Taxes:**

1. Do you owe any taxes?_____ *NO*_____
2. How much?_____
3. What years?_____

**Student Loans:**

1. Do you owe any student loans?_____ *NO*_____
2. How much?_____
3. What years?_____

**Alimony or child support?**

1. Do you pay any support?_____ *NO*_____
2. Are you behind in any payments, if so, how much?

## UNSECURED DEBTS

Please list all your debt not listed on your credit report.

| Creditor's name and address | Account # | Time frame that debt accrued and what kind of purchases made | Balance owed and who is liable? Joint, husband, wife or with a co debtor |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

© 2007 Shab Phillips, LLC

JUN.10'2008 16:08
Mar 07 2008 1:11PM   CARR STAPLES & ACCARDI   978-373-2353   #3965 P.017/027   P-17

© 2007 Shah Phillips, LLC

JUN.10'2008 16:08
Mar 07 2008. 1:11PM    CARR STAPLES & ACCARDI      #3965 P.018/027
978-373-2353

P.18

## UNSECURED DEBTS

| Creditor's name and address | Account # | Time frame that debt accrued and what kind of purchases made | Balance owed and who is liable? Joint, husband, wife or with a co debtor. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

© 2007 Shah Phillips, LLC

## LEASES OR CONTRACTS:

Are you a party to any leases or contracts? If yes, list all parties involved and their addresses. If you owe any money on these contracts, they should be listed on below:

_None_

## INCOME AND EXPENSE INFORMATION:

In addition to the requested information in this questionnaire, the court requires that you provide copies what you received for the last six weeks of income such as your pay stubs, social security award letter, pension income or child/alimony checks. Please provide to my office with this questionnaire, six weeks of the source of your income i.e. pay stubs, social security award letter and etc.

DEBTOR:

MARITAL STATUS:   _Single_

AGE:   _49_

OCCUPATION:   _ACCounting_

LENGTH OF EMPLOYMENT   –

EMPLOYER NAME:   _Unemployed_

EMPLOYER ADDRESS:

SPOUSE:

MARITAL STATUS:

AGE:

OCCUPATION:

LENGTH OF EMPLOYMENT

EMPLOYER NAME:

EMPLOYER ADDRESS:

© 2007 Shah Phillips, LLC

DEPENDENTS:
NAME:           _None_
AGE:
RELATIONSHIP:
NAME:
AGE:
RELATIONSHIP:

INCOME

| INCOME | DEBTOR | SPOUSE |
|---|---|---|
| Monthly gross wages Salary, commissions | | |
| Estimated Overtime | | |
| Payroll taxes | | |
| Insurance | | |
| Union Dues | | |
| Other deductions Be specific | | |
| Regular income from business | | |
| Monthly income from real property | | |
| Monthly interest & dividends | | |
| Alimony or child support | | |
| Social Security or government assistance | | |
| Pensions or Retirement (include copy of statement) | | |

20
© 2007 Shab Phillips, LLC

| Other monthly income | | |
|---|---|---|
| Any increase or decrease over last year | | |

## EXPENSES

| | |
|---|---|
| Rent or Home Mortgage Payment<br><br>Does this include property taxes and insurance?<br>Yes _X_ or No _____ | $ 399.00 |
| Electricity (average monthly) | $ 125.00 |
| Heating fuel (average monthly) | $ 50.00 |
| Water and sewer (average monthly) | $ 75.00 |
| Telephone (average monthly) | $ 100.00 |
| Cell phone (average monthly) | $ 100.00 |
| Cable (average monthly) | $ 50.00 |
| Other utilities (average monthly) | |
| Home maintenance & repairs (monthly) | $ 50 00 |
| Food | 350.00 Month |
| Clothing | 20.00 month |
| Laundry and dry cleaning | 40.00 mo |
| Medical and dental expenses (not included in payroll deduction) | |
| Transportation (not including car payments) | |
| Recreation, clubs, entertainment | None |
| Charitable contributions | None |
| Homeowners or renters insurance | 750.00 YR |
| Other insurance – specify | Auto INS 72.00 mo |

© 2007 Shah Phillips, LLC

| | |
|---|---|
| Taxes not deducted from wages or in home mortgage payments | |
| Installment auto payments | |
| Other installment payments | 337.00 |
| | 399.00 Home Equity Line |
| Alimony, maintenance or support paid to others | |
| Payments for dependents not living with you | |
| Any other expenses not listed above: | |

## STATEMENT OF FINANCIAL AFFAIRS:

Income from employment or operation of business for the past 2 years

| Source (name & address) | Amount | Fiscal Period |
|---|---|---|
| | | |
| | | |
| | | |

Income other than from employment or operation of business; Social Security, Disability Insurance, Pensions etc.

| Source | Amount | Fiscal Period |
|---|---|---|
| | | |
| | | |
| | | |

22
© 2007 Shab Phillips, LLC

List Payments Made to creditors during the last 90 days

| Creditors Name & Address | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| Old Navy | 10th month | 25.00 | 500.00 |
| Talbots | 10th month | 40.00 | 300.00 |
| Dell Financial | 10th month | 40.00 Direct Debit | Yes 1,000.— |

Were you a party to any law suits during the last year? _ Yes - I have a case
Pending - The case lost matter at Summary Judgement
If yes, list the following on the back of this sheet: caption of suit, case number, nature of proceeding, court and location, status/disposition. The case is Pending in
List any property attached, garnished or seized during the last year. Appeals Court.

| Creditor name & address | Date of seizure | Description of property |
|---|---|---|
|  |  |  |
|  |  |  |

Describe any assignment of property for the benefit of creditors made within the last 120 days. On the back of this sheet list the name and address of assignee, date of assignment and terms of assignment. List all property which has been in the hands of a custodian, receiver, or court-appointed official during the past year. List all gifts to charitable contributions made during the last year except ordinary and usual gifts to family members totaling less than $200 per family member and $100 per charitable recipient.

| Recipient- name & address | Relationship (if any) | Date & description of gift |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

List all losses from fire, theft, other casualty or gambling during the past year. On the back of this sheet list the description and value of property, circumstances of loss, if loss was covered by insurance (give particulars) and the date of loss. List all payments made or property transferred by or on behalf of the debtor, including attorneys; for consultation concerning debt consultation, relief under the bankruptcy law or preparation of a petition in bankruptcy during the past year.

| Payee name & address | Date of Payment | Amount Paid |
|---|---|---|
|  |  |  |
|  |  |  |

© 2007 Shab Phillips, LLC